IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> VERIZON COMMUNICATIONS INC.; § <br> CELLCO PARTNERSHIP D/B/A VERIZON § <br> WIRELESS; VERIZON SERVICES CORP.; § <br> VERIZON ENTERPRISE SOLUTIONS, § <br> LLC; VERIZON BUSINESS GLOBAL LLC; § <br> VERIZON BUSINESS NETWORK § <br> SERVICES, LLC; VERIZON CORPORATE § <br> SERVICES GROUP INC.; VERIZON DATA § <br> SERVICES, LLC; VERIZON MEDIA INC.; § <br> and VERIZON ONLINE, LLC, § <br> § <br> Defendants. § | Case No. 2:20-CV-280 <br><br> Jury Trial Requested |

**DEFENDANTS' AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Verizon Enterprise Solutions LLC ("VZEnterprise") is no longer an active company. Defendants Cellco Partnership d/b/a Verizon Wireless ("VZW"); Verizon Services Corp. ("VZServices"); Verizon Enterprise Solutions LLC ("VZEnterprise")[1]; Verizon Business Global LLC ("VZBGlobal"); Verizon Business Network Services LLC (VZBNetwork)[2]; Verizon Corporate Services Group Inc. ("VZCorp"); Verizon Data Services LLC ("VZData")[3]; Verizon

---

[1] Verizon Enterprise Solutions LLC was improperly named as Verizon Enterprise Solutions, LLC.

[2] Verizon Business Network Services LLC was improperly named as Verizon Business Network Services, LLC.

[3] Verizon Data Services LLC was improperly named as Verizon Data Services, LLC.

1

Media Inc. ("VZ Media") and Verizon Online LLC ("VZOnline")[4] (collectively, "Defendants" or "Verizon") answer Plaintiff Kaifi LLC's ("Kaifi" or "Plaintiff") Complaint for Patent Infringement ("Complaint") against Defendants as follows:

## THE PARTIES

1. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2. Verizon Communications Inc. is not joining this answer and thus Verizon cannot admit or deny this allegation.

3. Verizon admits the allegations in Paragraph 3 of the Complaint.

4. Verizon denies the allegations in Paragraph 4 of the Complaint.

5. Verizon denies the allegations in Paragraph 5 of the Complaint. Verizon Enterprise Solutions, LLC is not an active company.

6. Verizon admits that Verizon Business Global, LLC is a Delaware corporation and has designated Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process. Verizon otherwise denies the allegations in Paragraph 6 of the Complaint.

7. Verizon denies the allegations in Paragraph 7 of the Complaint.

8. Verizon admits that Verizon Corporate Services Group Inc. has a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon otherwise denies the allegations in Paragraph 8 of the Complaint.

9. Verizon denies the allegations in Paragraph 9 of the Complaint.

---

[4] Verizon Online LLC was improperly named Verizon Online, LLC.

10. Verizon admits that Verizon Media Inc. is a Delaware corporation with its principal place of business in New York, New York. Verizon otherwise denies the allegations in Paragraph 10 of the Complaint.

11. Verizon admits that Verizon Online LLC (improperly named as Verizon Online, LLC) is a limited liability company organized under the laws of Delaware with its principal place of business in Virginia. Verizon otherwise denies the allegations in Paragraph 11 of the Complaint.

12. Verizon admits that Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp, Verizon Business Global LLC, and Verizon Business Network Services LLC, are direct or indirect subsidiaries of Verizon Communications Inc. Defendants admit that Verizon Wireless has a store located at 10006 E. End Blvd, N. Marshall, Texas 75670, and at 500 E. Loop 281, Longview, Texas 75605. Verizon denies the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. Verizon admits that the Complaint contains claims of patent infringement arising under Title 35 of the United States Code § 101 *et seq.*

14. Verizon admits that this Court has subject matter jurisdiction over the patent law claims identified in the Complaint pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

15. To the extent that the allegations of Paragraph 15 of the Complaint set forth legal conclusions, no response is required. Verizon denies any remaining allegations of Paragraph 15 including specifically that and that all Defendants (collectively as alleged) are subject to personal jurisdiction in this District.

16. To the extent that the allegations of Paragraph 16 of the Complaint set forth legal conclusions, no response is required. Verizon denies any remaining allegations of Paragraph 16 including specifically that Defendants deny having committed acts of infringement in the district,

deny having conducted business in the Eastern District of Texas and deny that Defendants are subject to personal jurisdiction in this District.

17. To the extent that the allegations of Paragraph 17 of the Complaint set forth legal conclusions, no response is required.  Verizon denies any remaining allegations of Paragraph 17 including specifically that Defendants deny having committed acts of infringement in the district, deny having conducted business in the Eastern District of Texas and deny that Defendants are subject to personal jurisdiction in this District.

18. To the extent that the allegations of Paragraph 18 of the Complaint set forth legal conclusions, no response is required.  Verizon denies any remaining allegations of Paragraph 18 including specifically that Defendants deny having committed acts of infringement in the district, deny having conducted business in the Eastern District of Texas and deny that Defendants are subject to personal jurisdiction in this District.

19. Verizon denies that venue is permissible or proper with respect to all Defendants except for VZW in the Eastern District of Texas.  Verizon denies all remaining allegations in Paragraph 19 of the Complaint.

20. To the extent that the allegations of Paragraph 20 of the Complaint set forth legal conclusions, no response is required.  Verizon denies any remaining allegations of Paragraph 20.

21. To the extent that the allegations of Paragraph 21 of the Complaint set forth legal conclusions, no response is required. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore denies them.

## BACKGROUND

22. Verizon admits that U.S. Patent No. 6,922,728 ("the '728 patent") appears to be issued by the United States Patent and Trademark Office on July 26, 2005. Verizon admits that the '728 Patent has the Korea Advanced Institute of Science & Technology listed as the assignee. Defendant admits that the '728 patent is entitled "Optimal Internet Network Connecting and Roaming System and Method Adapted for User Moving Outdoors or Indoors" and that Exhibit A to the Complaint appears to be a copy of the '728 patent. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22, and therefore denies them.

23. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25. Verizon admits that Dong-Ho Cho is listed as an inventor on the face of the '728 Patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25, and therefore denies them.

26. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28. Verizon admits that Paragraph 28 recites, in part, language from the specification of the asserted patent. Defendants deny any remaining allegations of Paragraph 28.

29. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

## "VERIZON ADOPTS THE '728 PATENT TECHNOLOGY"

30. Defendants admit that at least VZW provides wireless network and system instrumentalities including those that enable voice and data communications services, including Wi-Fi Calling. The remaining allegations in Paragraph 30 are vague and lack specificity and therefore do not provide information sufficient to admit or deny. These remaining allegations are therefore denied.

31. This Paragraph includes purported quotations without attribution to the specific material being quoted and therefore does not provide information sufficient to admit or deny. The allegation is therefore denied.

32. This Paragraph includes purported quotations without attribution to the specific material being quoted and therefore does not provide information sufficient to admit or deny. The allegation is therefore denied.

33. This Paragraph includes purported quotations without attribution to the specific material being quoted and therefore does not provide information sufficient to admit or deny. The allegation is therefore denied.

34. This Paragraph includes purported quotations without attribution to the specific material being quoted and therefore does not provide information sufficient to admit or deny. The allegation is therefore denied.

35. This Paragraph includes allegations without attribution to the specific information being alleged and therefore does not provide information sufficient to admit or deny. The allegation is therefore denied.

## THE ACCUSED INSTRUMENTALITIES

36. Paragraph 36 contains an undefined term that forms the basis of the allegations. The allegation is therefore denied. Moreover, specifically, the Complaint fails to identify or to properly plead a case of infringement against the alleged accused products including the identified "OTT" products. Exhibit B purports to provide an analysis for the accused "WiFi Calling" products, but no such similar analysis was provided for the "OTT" products, nor were the "OTT" products specifically identified. Thus, the Complaint fails to state a proper claim for those products and Paragraph 36 is denied on that basis also.

## COUNT 1

37. Paragraph 37 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 37.

38. To the extent that the allegations of Paragraph 38 of the Complaint set forth legal conclusions, no response is required. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 38.

39. Verizon admits that Exhibit B purports to be a claim chart detailing alleged infringement of Claim 1 of the '728 Patent but Verizon denies all allegations set forth in Exhibit B. Verizon denies the remaining allegations of Paragraph 39.

40. To the extent that the allegations of Paragraph 40 of the Complaint set forth legal conclusions, no response is required. Defendants admit to receiving a letter on August 27, 2020 which had attachments that appeared to be a copy of the '728 patent and a claim chart, but denies any characterizations of said letter and denies all allegations set forth in such letter and its attachments. Defendants admit that this Complaint contains allegations of infringement of the '728 Patent but deny any remaining allegations of Paragraph 40.

41. Paragraph 41 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 41.

42. Paragraph 42 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 42.

43. Paragraph 43 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 43.

44. Verizon admits that Exhibit B purports to be a claim chart detailing alleged infringement of Claim 1 of the '728 Patent but denies all allegations set forth in Exhibit B. Exhibit C purports to include information about Verizon Mobile's Virtual Network Operators without attribution to the information contained in Exhibit C and therefore does not provide information sufficient to admit or deny. The allegations with respect to Exhibit C are therefore denied.

45. Verizon denies the allegations of Paragraph 45.

46. Paragraph 46 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 46.

47. Paragraph 47 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 47.

48. Paragraph 48 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 48.

49. Paragraph 49 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 49.

50. Verizon denies the allegations of Paragraph 50.

51. Verizon denies the allegations of Paragraph 51.

52.   Paragraph 52 sets forth conclusions of law and not averments of facts. To the extent that any response is necessary, Verizon denies the allegations of Paragraph 52.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Kaifi to which no response is required. Defendants deny that Kaifi is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (a) through (g) of Kaifi's prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Defendants deny any remaining allegations in Kaifi's Complaint.

## DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, without admitting or acknowledging that Defendants bear the burden of proof as to any of them or that any must be pleaded as defenses. Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (No Infringement)

53.   Defendants do not infringe, any valid and enforceable claim of the '728 patent, in any manner under any section of 35 U.S.C. § 271 including 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise either alone or jointly with any other entity. Defendant has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Kaifi.

54.   Defendants do not indirectly infringe any asserted claim and, in particular, do not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

55. Defendants do not supply any component that contributes to infringement of any valid claim.

## SECOND DEFENSE
## (Invalidity)

56. The asserted claims of the '728 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

57. As a second example, one or more individual prior art references discloses all limitations of one or more of the asserted claims of the '728 patent, rendering one or more of them invalid as anticipated under 35 U.S.C. § 102.

58. As a third example, combinations of prior art references disclose all of the limitations of each of the '728 patent's asserted claims, and a person of ordinary skill in the art at the time the '728 patent was filed, would have been motivated to combine those prior art references to achieve the subject matter recited in each asserted claim, rendering the '728 patent's asserted claims invalid as obvious in view of the prior art under 35 U.S.C. § 103.

## THIRD DEFENSE
## (Failure to State a Claim)

59. The Complaint fails to state a claim upon which relief can be granted. Among the deficiencies include an inadequate pleading with respect to alleged "OTT" accused products in paragraph 36 of the Complaint.

## FOURTH DEFENSE
## (Notice, Damages, and Costs)

60. Kaifi's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

61. Kaifi failed to comply with 35 U.S.C. § 287 by marking, or ensuring the marking, of, articles licensed under the '728 patent, and therefore, Kaifi is precluded from recovering any pre-suit damages.

62. Kaifi's is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

63. Kaifi's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Kaifi is not entitled to a double recovery.

### FIFTH DEFENSE
### (Prosecution History Estoppel)

64. Kaifi's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the '728 patent before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

### RESERVATION OF DEFENSES

Defendants hereby reserve the right to supplement defenses as discovery proceeds in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

a. A judgment dismissing Kaifi's Complaint against Defendants with prejudice;

b. A judgment in favor of Defendants on all of their Defenses;

c. A judgment that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '728 patent;

11

  d.  A judgment that the '728 patent is invalid;

  e.  A judgment that the '728 patent is unenforceable;

  f.  An award to Defendants of their fees and expenses of litigation;

  g.  A judgment limiting or barring Kaifi's ability to enforce the '728 patent in equity;

  h  Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

Dated:  May  26, 2021    */s/ Deron R. Dacus*
                                Deron R Dacus
                                The Dacus Firm, PC
                                821 ESE Loop 323
                                Suite 430
                                Tyler, TX 75701
                                903/705-1117
                                Fax: 903/581-2543
                                Email: ddacus@dacusfirm.com

                                Kevin P. Anderson
                                KPAnderson@duanemorris.com
                                505 9th Street, N.W., Suite 1000
                                Washington, DC 20004-2166
                                Telephone: (202) 776 7851
                                Facsimile: (202) 478 2620
                                *Attorneys for Defendants VERIZON COMMUNICATIONS INC.; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; VERIZON SERVICES CORP.; VERIZON ENTERPRISE SOLUTIONS, LLC; VERIZON BUSINESS GLOBAL LLC; VERIZON BUSINESS NETWORK SERVICES LLC; VERIZON CORPORATE SERVICES GROUP INC.; VERIZON DATA SERVICES LLC; VERIZON MEDIA INC.; and VERIZON ONLINE LLC,*

CERTIFICATE OF SERVICE

    The undersigned certifies that on this 26th day of May, 2021,  all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                */s/ Deron R. Dacus*
                                Deron R. Dacus