# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC, | |
|     Plaintiff, | Case No. 2:20-cv-00280-JRG |
|     v. | JURY TRIAL DEMANDED |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET AL. | Honorable Rodney Gilstrap |
|     Defendants. | |
| KAIFI LLC, | |
|     Plaintiff, | Case No. 2:20-cv-00281-JRG |
|     v. | JURY TRIAL DEMANDED |
| T-MOBILE US, INC., ET AL. | Honorable Rodney Gilstrap |
|     Defendants. | |

## OBJECTIONS BY KAIFI TO
## CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(a) and L.R. CV-72(b), KAIFI respectfully submits these objections to the Claim Construction Memorandum Opinion and Order.  Dkt. 176.[1]  KAIFI's objections are based on the presentation herein, and incorporates it claim construction briefing and supporting papers.  *See* Dkts. 135, 142 and 143.

## II.     OBJECTIONS

### A.      "a fourth step of connecting with the internet network by switching connection of the data communication terminal from the outdoor wireless internet network to the indoor gateway and making wireless communications through the indoor gateway and an indoor wireless connection module"

| Court's construction | KAIFI's proposed construction |
|---|---|
| The fourth step is required to occur after and not before the third step; otherwise, plain and ordinary meaning applies | No additional construction required |

Claim 12 of the '728 Patent does not recite an order for the fourth step.  Thus, the fourth step should not be construed to require one.  As the Federal Circuit declared in *Interactive Gift Exp., Inc. v. Compuserve, Inc.,* 256 F.3d 1323 (Fed. Cir. 2001), "[u]nless the steps of a method actually recite an order, the steps are not ordinarily construed to require one."  *Id.* at 1342. KAIFI's proposed construction tracks this principle and the plain language of the claim.

At issue is whether the Court's construing of a specific order to the method steps applies to *both* parts of the third step.  As discussed by KAIFI in its briefing, the third step comprises (i) going through authentication and (ii) storing the indoor location.  Dkt. 135 at 23.  The Court based its construction on two findings: that storing a location in the location register is (1) an "important event" in authentication and (2) would be "required" before a switching decision.

---

[1] All references to docket entries are to the docket in KAIFI LLC v. T-Mobile US, Inc., et al., Case No. 2:20-cv-00281-JRG.

Dkt. 176 at 49.  The Court also relied on the numbering of the steps.  *Id.* at 49-50.  However, these findings contravene the claim language and import limitations from the specification.

The Court's reliance on the particular implementations described in Figure 4 of the '728 Patent to limit claim 12 improperly imports limitations from the specification.  Steps in method claims are not limited by the order in which they are performed in an embodiment.  *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1370 (Fed. Cir. 2003) ("Essentially then, 'claim terms take on their ordinary and accustomed meanings unless the patentee demonstrated an intent to deviate from [that meaning].'  It follows from that proposition that 'the number of embodiments disclosed in the specification is not determinative of the meaning of disputed claim terms.'  Nor are claims ordinarily limited in scope to the preferred embodiment.  These principles apply with equal force where, as is the case here, the limitation to be imported from the specification is an order of method steps, rather than a limitation on a specific claim term.") (quoting *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed.Cir.2002)).

The Court cites to the *Mformation Techs.* case for the proposition that an order is required if a step would become superfluous without the order.  Dkt. 176 at 49.  However, in *Mformation Techs.*, the specification only disclosed one embodiment, which ordered the steps. *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 764 F.3d 1392, 1400 (Fed. Cir. 2014).  In contrast, for the '728 Patent, there are multiple embodiments and no express requirement of the order for authentication, storing, and switching.  Thus, the *Mformation Techs.* case does not govern the circumstances of the fourth step here.

The specification discloses multiple embodiments, such as quality of service (QoS) embodiments.  In discussing Figure 4, the specification expressly refers to an embodiment in which the "quality of the indoor network" versus "that of the outdoor network" are checked.

In the present invention, since the <u>data communication quality</u> of the indoor network is superior to that of the outdoor network, when the user moves indoors, the communication connection may be always and automatically switched from the outdoor network to the indoor network.  However, such method may give great inconvenience to the user, if the data communication quality of the indoor network is inferior to that of the outdoor network due to any unexpected reasons.

Therefore, according to the present invention, <u>the switching of connection between communication networks is made only when the quality of the indoor network is better than that of the outdoor network after it is checked whether the quality of the indoor network is worse than that of the outdoor network</u>.  To this end, in the present invention, the data communication quality of the indoor network is estimated by using a loss rate of IP Datagram, an error rate of IP Datagram, an operating characteristics of a retransmission timer, average delay and variance, and the like so that the communication qualities between the indoor and outdoor networks are compared.

'728 Patent at 12:24-33 (emphases added).  The specification also calls out a specific

embodiment that looks at the network condition or traffic congestion:

Here, if it is determined that the indoor network is in an <u>abnormal condition</u> or the <u>traffic of the indoor network is congested</u> when the other person transmits an incoming message to the user (step S28), the HA/FA location register allows the call between the user and the sender to be made <u>through the other outdoor mobile data communication networks</u> (step S29).

'728 Patent at 12:6-12 (emphases added).  This particular embodiment, for checking the

conditions for a transmission, is shown in Figure 4 at S28 in one implementation.

The '728 Patent does not preclude this embodiment from being implemented prior to the

fourth step.  Where the indoor network is determined to be too congested or abnormal, this

determination could be made *before* switching in order to keep the call on the "outdoor mobile

data communication network."  Under this embodiment, a switch to the indoor network may not

happen at that point to avoid the risk of loss of service or service quality.  This distinction is

important because network conditions can fluctuate.  The network conditions may later improve

enough for making wireless communications through the indoor gateway.  At that later point, if

the user is still on cellular, the connection may be switched to the indoor network.  The later

switch may be a continuation of or a new call flow.

Another important distinction is that the patent does not limit the invention to *starting* on the outdoor network.  Embodiments of the invention may start on either the indoor or outdoor networks for a given call.  For example, Figure 5 shows a scenario starting on the indoor network, "when the user moves outdoors while making a wireless call."  '728 Patent at 12:52-53. In this example, the call flow would start at the fourth step.  That call flow may cycle through the claim 12 steps from that point, if the user then moves outdoors and back indoors again.  This again shows that, unlike the *Mformation Techs.* case, the invention is not limited to a single embodiment of ordering of the method steps.

Also, there is no requirement that the numbering of steps in a method claim limit the claim to just that sequence or that method steps may not be taken out of order.  *See, e.g., Michael S. Sutton Ltd. v. Nokia Corp.*, 647 F. Supp. 2d 737, 742 (E.D. Tex. 2009), aff'd, 405 F. App'x 486 (Fed. Cir. 2010).  Claim 12 recites an express order where intended.  For example, the third step cites back to the second step and the seventh steps cites to the first step.  This intrinsic evidence indicates that the claim requires no other limiting order.

**B.**   **"a seventh step of switching the connection of the data communication terminal from the indoor gateway to the outdoor wireless internet network and performing the first step again"**

| Court's construction | KAIFI's proposed construction |
|---|---|
| The seventh step is required to occur after and not before the sixth step; otherwise, plain and ordinary meaning applies | No additional construction required |

The analysis on the seventh step is the same as presented for the fourth step because the basis for the Court's construction is essentially the same.  Dkt. 176 at 52-53.  The Court's reliance on the illustration set out in Figure 5 of the '728 Patent imports limitations from an embodiment of the invention, even though multiple embodiments are disclosed.  Thus, the

Court's reliance on the *Mformation Techs.* case is misplaced.  The Court's reliance on the numbering of the steps is inconsistent with the fact that claim 12 already expressly refers to other steps where an ordering was intended.  These are contrary to law, as explained above.

## III.   CONCLUSION

For the foregoing reasons, KAIFI respectfully requests that the Court construe these terms to be understood by their plain and ordinary meaning without addition construction.


Date:  August 3, 2021

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
Email:  rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Telephone: 310.277-1010
Facsimile: 310-203-7199
Email: jsheasby@irell.com

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6166
Fax: 213-629-6001
Email: achoung@nixonpeabody.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
LTL ATTORNEYS LLP

300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:   (213) 612-3773
Email:  enoch.liang@ltlattorneys.com
Email:  michael.song@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic mail on August 3, 2021 to all opposing counsel of record.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT