IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI, LLC, | |
| Plaintiff, | Civil Action No. 2:20-cv-00280-JRG |
| vs. | **JURY TRIAL DEMANDED** |
| VERIZON COMMUNICATIONS INC., et al, | |
| Defendants. | |

## VERIZON'S MOTION TO COMPEL KAIFI AND ITS PARENT CORPORATION TO STOP PREVENTING THIRD PARTY EVIDENCE AND FOR AN ADVERSE INFERENCE

Plaintiff KAIFI and its parent, Intellectual Discovery ("ID"), are actively preventing a third party, Samsung, from providing relevant documents – specifically, the documents related to multiple separate offers to license and sell the asserted patent, U.S. Pat. No. 6,922,728.  Samsung provided a letter confirming the wrongful actions.  Ex. 1.  Samsung ("SEC") confirmed the following:

- SEC has received multiple proposals in the past from ID related to the '728 patent.
- At the present time, SEC has no objection in principle to providing those proposals to Verizon.
- However, those proposals are covered by contractual confidentiality obligations between SEC and ID.
- ID has agreed that SEC may disclose the fact of the licensing proposals, but has not more broadly waived SEC's confidentiality obligations to allow for those proposals' production to Verizon.
- SEC has specifically requested that ID allow it to provide Verizon the proposals in question, but ID has rejected SEC's request.

Ex. 1.  Offers to license the '728 patent (the asserted patent in this case) are relevant to many issues including, specifically, valuation of the '728 patented technology.

The actions of KAIFI and ID are inexcusable.  The fact that KAIFI has not produced these documents is bad enough.  However, the fact that KAIFI and ID are actively preventing a third-party, Samsung, from providing these documents is far beyond the pale of any acceptable litigation behavior.

Cellco Partnership d/b/a Verizon Wireless ("Verizon") raised the suppression of these Samsung-related documents six weeks ago on July 2, 2021, in an effort to allow KAIFI to act as a reasonable litigant.  Ex.2.  Notably, KAIFI did not deny these appalling actions to suppress discovery, nor did KAIFI even indicate that it discussed this issue with ID.  Ex. 3.  Instead, KAIFI repeated its theory that KAIFI and ID are immune from such discovery because KAIFI and ID have intentionally structured their relationship so that KAIFI only accesses (and

produces) helpful documents while ID keeps control of and will not produce any other (presumably unfavorable) documents for KAIFI's case.  KAIFI and Verizon met and conferred on this issue on August 9, 2021.

Although the acts of KAIFI and ID to actively prevent third parties from providing documents are a distinct wrongdoing, this issue is related to a pending motion to compel by T-Mobile in the T-Mobile case seeking production of the ID documents.  *See KAIFI v. T-Mobile*, No. 2:20-cv-00280-JRG Dkt. Nos. 140, 146, 151 (E.D. Tex.) ("T-Mobile Case").  In that case, KAIFI's brief stated:  "GWP and ID offered to voluntarily produce non-privileged documents concerning KAIFI, the '728 Patent, and this litigation."  T-Mobile Case, Dkt. 151 at 2. However, this offer does not extend to the Samsung documents; KAIFI and ID have not produced, and will not produce, to Verizon the Samsung documents and are actively preventing Samsung from producing those documents.  Thus, KAIFI and ID are intentionally obstructing discovery to prevent some (presumably unfavorable) documents from being produced.

Verizon requests three forms of separate relief:

(1)     KAIFI and Intellectual Discovery be ordered to produce the Samsung documents (and any other licensing documents that are being shielded by ID);

(2)     KAIFI and Intellectual Discovery be ordered to withdraw their objection to any third party, including, but not limited to Samsung, from providing relevant documents in this case; and

(3)     An adverse inference that instructs the jury that it can consider the Samsung documents to have disclosed information that is unfavorable to KAIFI's position.

The adverse inference instruction is appropriate and necessary because KAIFI takes the position that because ID is not a formal party to this case, then ID is immune from the powers of

this Court.  *See* T-Mobile Case, Dkt. 151 at 1.  Regardless of whether that dubious proposition is true, an adverse inference is available against KAIFI, and is an appropriate vehicle to address the actions of KAIFI and ID.  KAIFI's failure to produce these highly relevant documents warrants an adverse inference.  *In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002); *Rivera v. Salazar*, No. C.A. C-04-552, 2008 WL 2966006, at *3 (S.D. Tex. July 30, 2008). Adverse inferences are appropriate where, as here, a party acts in bad faith by "skirt[ing] its discovery obligations and delay[ing] … despite a duty to preserve and produce," *Edwards v. 4JLJ*, LLC, No. 2:15-CV-299, 2018 WL 2981154, at *10 (S.D. Tex. June 14, 2018); accord *Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 6:10CV493 LEDJDL, 2012 WL 12904706, at *4 (E.D. Tex. Oct. 23, 2012).

Respectfully submitted,

Dated:   August 13, 2021          /s/ *Deron R. Dacus*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 903/581-2543
Email: ddacus@dacusfirm.com

**DUANE MORRIS LLP**

Kevin P. Anderson
KPAnderson@duanemorris.com
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776 7851
Facsimile: (202) 478 2620

Alice Snedeker
AESnedeker@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000

Atlanta, Georgia  30309
Telephone:  (404) 253.6900
Facsimile:  (404) 253.6901

*Attorneys for Defendants VERIZON
COMMUNICATIONS INC.; CELLCO
PARTNERSHIP D/B/A VERIZON
WIRELESS; VERIZON SERVICES CORP.;
VERIZON ENTERPRISE SOLUTIONS,
LLC; VERIZON BUSINESS GLOBAL
LLC; VERIZON BUSINESS NETWORK
SERVICES, LLC; VERIZON CORPORATE
SERVICES GROUP INC.; VERIZON
DATA SERVICES, LLC; VERIZON MEDIA
INC.; and VERIZON ONLINE LLC,*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 13, 2021, the foregoing document was served on all counsel who have consented to electronic service.

*/s/ Deron R. Dacus*

Deron R. Dacus

## <u>CERTIFICATE OF CONFERENCE</u>

On August 9, 2021, counsel for Cellco Partnership d/b/a Verizon Wireless, with Deron Dacus as lead counsel and as local counsel and including Kevin Anderson, met and conferred with counsel for KAIFI, with Rebecca Carson as lead counsel and Chris Bunt as local counsel and including Prashanth Chennakesavan. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve. This motion is opposed by Plaintiff.

*/s/ Deron R. Dacus*

Deron R. Dacus

DM2\14529529.1