UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS INC., et al,<br><br>   Defendants. | **Case No. 2:20-CV-280-JRG**<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Rodney Gilstrap |

**KAIFI LLC'S RESPONSE TO VERIZON'S MOTION TO COMPEL KAIFI AND ITS PARENT CORPORATION TO STOP PREVENTING THIRD PARTY EVIDENCE AND FOR AN ADVERSE INFERENCE**

I.      INTRODUCTION

Verizon's manufactured dispute is not intended to advance the merits of any claim or defense in this case, but rather is an attempt to mislead the court, abuse the judicial process to obtain an unwarranted adverse inference, and unfairly malign KAIFI. Instead of meeting and conferring in good faith and providing information that would permit KAIFI to investigate and identify the documents Verizon seeks—which would have avoided the necessity of this motion altogether—Verizon chose to hide the ball and rush to the courthouse.

Verizon's efforts strain the boundaries of appropriate discovery conduct. An in-house Verizon lawyer (not outside counsel) took it upon herself to contact nonparty Samsung Electronics America ("SEA"), which in turn supposedly contacted nonparty Samsung Electronics Corporation ("SEC") in Korea. SEC then supposedly contacted nonparty Intellectual Discovery ("ID") asking it to waive a contractual confidentiality provision and provide business communications to Verizon's in-house lawyer (through SEC and SEA). ID (unsurprisingly) declined. During this entire time, Verizon never served any subpoenas on ID, SEC, or SEA. Further, Verizon and its counsel of record *made no mention of these efforts to KAIFI and provided no information that would have allowed KAIFI to investigate.*

To be clear, SEA, SEC, or ID are third parties, and KAIFI has no control over them. Nor has it prevented ID, or any other third party, from complying with any discovery obligations in this matter. On the contrary, KAIFI instructed its counsel to reach out to ID to try to obtain an agreement from ID to voluntarily produce documents that are relevant to this case in response to requests by T-Mobile in the related case pending in this Court.[1] In response to those efforts, ID agreed to voluntarily produce *all non-privileged documents* in its exclusive possession, custody,

---

[1] *KAIFI LLC v. T-Mobile US, Inc., et al.*, Case No. 2:20-cv-00281-JRG (the "T-Mobile Case").

or control that relate to the at-issue '728 Patent, KAIFI, or the litigation. But both T-Mobile and Verizon rejected this proposal. Had T-Mobile and Verizon accepted ID's proposal, they would already have the communications with Samsung that supposedly form the basis of this motion. Instead, Verizon appears more committed to wasting judicial resources and having its employees circumvent established discovery procedures and the Protective Order than obtaining documents. Verizon's motion should be denied in its entirety.

## II.   FACTUAL BACKGROUND

Verizon has not sought documents from Samsung through appropriate discovery processes: either a duly issued subpoena to a Samsung entity located in the United States, or a motion for letters rogatory pursuant to the Hague Convention directed to a Samsung entity in Korea. Nor has Verizon sought these documents from ID via any formal discovery method.

While KAIFI does not have possession, custody or control over ID's documents, in an attempt to avoid motion practice with T-Mobile, KAIFI instructed its counsel to ask ID if it would voluntarily produce documents. KAIFI's counsel was able to secure an agreement from ID to voluntarily produce all documents regarding the '728 Patent, KAIFI, and the ongoing litigation that are non-privileged, and not already in KAIFI's possession (such that they have already been produced). T-Mobile Case, Dkt. 146 at 2. T-Mobile refused this offer and moved to compel in May 2021. T-Mobile Case, Dkt. 140. In June 2021, Verizon told KAIFI that it did not want to burden the Court with a similar motion and asked that KAIFI agree to produce the same documents to Verizon that it produces to T-Mobile as a result of that motion. T-Mobile's motion is still pending before the Court.

Rather than waiting for the Court to decide the motion—or accepting ID's proposal to voluntarily produce all documents regarding the '728 Patent, KAIFI, and the ongoing litigation

that are non-privileged (which would include the Samsung communications that supposedly serve as the impetus behind its motion)—Verizon opted to try to get these documents a different way. Specifically, Verizon's in-house counsel apparently reached out to Samsung's in-house counsel and demanded that Samsung produce any licensing offers it had received from ID. Samsung's counsel, in turn, reached out to ID. Dkt. 74, Ex. 1. Verizon relies on a hearsay-within-hearsay letter from SEA stating that an unknown SEC employee contacted someone at ID, who declined to waive a contractual nondisclosure agreement in order to provide Verizon's in-house counsel business communications between ID and SEC. KAIFI had no knowledge of these third-party communications until Verizon filed its motion.

Notably, Verizon refused to disclose its communications with Samsung or provide any information about those conversations to KAIFI during the parties' meet and confer process. Instead, Verizon raised this issue in a vague July 3, 2021 letter, stating "KAIFI, and Intellectual Discovery, are actively preventing third parties from providing relevant discovery." Dkt. 74, Ex. 2. KAIFI's counsel asked for further information on July 13, 2021, in an effort to investigate Verizon's allegations. Dkt. 74, Ex. 3. Verizon responded with silence. During a lead-and-local meet and confer on the issue a few days before Verizon filed this motion, Verizon's counsel still refused to provide any information to substantiate Verizon's allegations.

The week of August 23, KAIFI followed up several times with Verizon to ensure that it understood ID's proposal and to confirm that the proposal included the communications that ID had with Samsung regarding the '728 Patent. Ex. 1, Email Exchange Between Chennakesavan and Anderson, at 2. Verizon refused to accept the proposal unless "ID will release Samsung from the NDA such that Samsung." *Id.* As KAIFI's counsel has explained to Verizon, Samsung and ID have broader business NDA, which is not specific to the '728 Patent and which is irrelevant

to this litigation. *Id*. at 1. There is no legitimate reason for Verizon to insist that ID waive its contractual rights under that agreement so that Samsung can provide confidential ID documents direct to Verizon's in-house counsel without any protections under the Protective Order.

Despite Verizon's refusal to accept ID's compromise, ID nevertheless agreed to produce the Samsung communications as a showing of good faith, and Verizon received copies of these documents on August 27, 2021. Thus, Verizon's motion is moot and should be denied.

### III. ARGUMENT

#### A. ID's Request That Its Documents Be Produced Under Formal Discovery Procedures Was Appropriate And Reasonable.

Verizon's assertion that ID has somehow done something wrong because it refused to voluntarily hand over confidential documents directly to a third-party (Verizon) that is involved in active litigation with one of its subsidiaries (KAIFI)—without any of the protections supplied by formal discovery procedures or the case's Protective Order—is absurd. Formal discovery procedures exist for a reason: to protect the interests of parties who produce documents in a litigation. Rule 45 includes an entire subpart (d) directed to "protecting a person subject to a subpoena." Fed. R. Civ. P. 45. Moreover, one of the important protections offered is the ability to produce documents pursuant to a Court-issued protective order. *Lunareye, Inc. v. Gordan Howard Associates, Inc.*, 78 F. Supp. 3d 671 (E.D. Tex. 2015)(holding that "[c]omplete good faith compliance with protective orders is essential to modern discovery practices").

Verizon inexplicably failed to serve any discovery on ID, SEA, or SEC. Rather than follow the discovery rules, Verizon sought a back-channel by having its in-house counsel skirt the rules and ask one of its suppliers—Samsung—to urge ID to waive its contractual rights so that she could have access to ID's confidential information. It is not surprising that ID declined. The ridiculousness of Verizon's argument becomes clear when one considers an analogy:

4

Imagine if KAIFI's CEO reached out to the in-house counsel of one of Verizon's suppliers and requested that they voluntarily provide him with confidential documents related to the supplier's relationship with Verizon. Imagine further that the supplier asked Verizon to waive any confidentiality rights it had over such information. Of course Verizon and the supplier would refuse, and tell KAIFI to request that information via a subpoena or through litigation counsel. Contrary to Verizon's argument, this would not amount to "appalling actions to suppress discovery" or "intentionally obstructing discovery," but would instead be a perfectly appropriate (and expected) response.

Verizon's righteous indignation is especially inappropriate given that ID offered to produce a set of documents that would include any license offers to Samsung back in May, long before Verizon even reached out to Samsung.[2] Indeed, counsel for KAIFI relayed to counsel for Verizon that the production *would include* the 2015 and 2017 communications between ID and Samsung regarding the '728 Patent, and ID has now produced those communications to Verizon even though Verizon has unreasonably refused to agree to ID's reasonable compromise.

### B.     KAIFI Has Complied With Its Discovery Obligations.

Verizon's attempt to smear KAIFI, claiming that it has somehow interfered with or obstructed Verizon's attempts to obtain relevant documents is entirely inappropriate. KAIFI has already produced everything in its possession regarding license offers. The two Samsung offers in question were not made by KAIFI, and KAIFI was not a party to those communications. Nor was KAIFI aware of these communications until after Verizon filed its motion.

Importantly, *KAIFI has no control over ID or Samsung*. It cannot force ID to acquiesce to

---

[2] Verizon incorrectly argues that the "offer does not extend to the Samsung documents." Dkt. 74 at 2. Obviously, communications with Samsung regarding the '728 Patent are related to the '728 Patent, and thus fall within the scope of ID's proposal.

5

Verizon's dubious litigation tactics. What KAIFI can do—and has done—is have its attorneys contact ID to determine if it would voluntarily produce the documents Verizon seeks to avoid any burden posed in seeking international discovery. Verizon declined the offer.

### C. Verizon's Requested Relief Should Be Denied.

Verizon's request for "three forms of separate relief" are entirely inappropriate and should be denied. First, Verizon asks that KAIFI and ID be ordered to produce ID's communications with Samsung, as well as any other licensing documents in ID's possession. Verizon's request is moot as to the communications ID had with Samsung regarding the '728 Patent, as ID has now produced those. To the extent that Verizon wants ID to produce additional documents, ID remains willing to produce *all non-privileged documents* in its exclusive possession, custody, or control that relate to the '728 Patent, KAIFI, or the litigation in exchange for Verizon's agreement to drop any additional, unreasonable requests for information that is not relevant to the issues in this case. Ex. 1 at 1.

Second, Verizon asks that KAIFI and ID be "ordered to withdraw their objection to any third party . . . from providing relevant documents in this case." To the extent that Verizon is asking the Court to require foreign entity and non-party ID to waive its contractual rights with other third-parties so that Verizon's in-house counsel can have direct access to those parties' confidential documents, such a request for relief is beyond the pale. Not only does the Court lack jurisdiction over these entities to order such relief, it runs afoul of the Protective Order in this case. To the extent that Verizon wants discovery of third party documents, it should follow the appropriate discovery rules and serve a subpoena.

Finally, Verizon's request for an "adverse inference" is also inappropriate. "A severe sanction such as . . . an adverse inference instruction requires bad faith and prejudice." *Beck v.*

*Access E Forms, LP*, No. 4:16-CV-00985, 2018 WL 3752842, at *2 (E.D. Tex. Aug. 8, 2018). Neither are present here. "[W]here, as here, an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-CV-00872, 2019 WL 6117349, at *5 (E.D. Tex. Nov. 18, 2019). None of these factors are present here:

As an initial matter, KAIFI never had control of the documents; nor did it have an obligation to obtain them from a third party (ID). In any event, Verizon now has the documents in question and trial is six months away. Moreover, neither ID nor KAIFI had a culpable state of mind, as evidenced by ID's offer to produce documents prior to Verizon's motion. The fact that ID was unwilling to voluntarily waive contractual confidentiality rights based on an informal request from Samsung is not nefarious. Finally, contrary to Verizon's assertions, ID's communications with Samsung are not "highly relevant." Rather, this Court has routinely held that settlement offers and negotiation discussions concerning unconsummated licenses are not relevant and are therefore not even undiscoverable, much less admissible. *Sol IP, LLC v. AT&T Mobility LLC*, 2-18-cv-00526 (Jan. 5, 2020) (negotiations that did not ultimately result in license agreements held undiscoverable); *see also Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd.*, 2-20-cv-00050 (Jun. 8, 2020); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011).

Verizon's request for relief is overreaching and inappropriate, and should be denied.

7

Date: August 27, 2021   Respectfully submitted,

*/s/ Robert Christopher Bunt*

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Prashanth Chennakesavan
Cal. Bar No. 284022 (admitted *pro hac vice*)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: enoch.liang@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff KAIFI LLC*

8

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on August 27, 2021 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
