# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., ET AL. <br><br> Defendants. | Case No. 2:20-cv-00280-JRG <br><br> JURY TRIAL DEMANDED <br><br> Honorable Rodney Gilstrap |

**OPPOSITION BY KAIFI TO
VERIZON'S MOTION TO STAY PENDING EX PARTE REEXAMINATION**

## TABLE OF CONTENTS

                                                                                                                          **Page**

I.    INTRODUCTION ............................................................................................................... 1

II.   FACTUAL BACKGROUND ............................................................................................ 2

III.  A STAY IS NOT MERITED IN THIS CASE .................................................................. 3

    A.     A Stay Would Cause Undue Prejudice to KAIFI ................................................ 4

    B.     Any Possible Simplification of Issues is Speculative and Unlikely ................................ 6

        1.     No Claims Have Been Rejected .............................................................. 6

        2.     Verizon Fails To Articulate Any Simplification ............................................. 7

    C.     Discovery Is Nearly Complete and Trial Date Is Set ...................................... 8

IV.  CONCLUSION ................................................................................................................. 9

## TABLE OF AUTHORTIES

Page(s)

**Cases**

*Acorn Semi, LLC v. Samsung Electronics Co., Ltd. et al*,
  No. 2-19-cv-00347 (E.D. Tex. Mar. 22, 2021) ................................................................. 6

*EON Corp.IP Holdings, LLC v. Sensus USA Inc*,
  No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009).............................................. 7

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*,
  No. 2:17-CV-00577-JRG, 2018 U.S. Dist. LEXIS 239587 (E.D. Tex. Dec. 13, 2018) ............. 4

*KAIFI, LLC v. T-Mobile U.S., Inc., et al.*,
  No. 2:20-cv-281-JRG (E.D. Tex.)........................................................................................ 2

*KIPB LLC v. Samsung Elecs. Co.*,
  No. 2:19-CV-00056-JRG (E.D. Tex Dec. 9, 2019)......................................................... 6, 7, 8

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-cv-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sep. 18, 2014).................................. 6

*Luminati Networks Ltd. v. NetNut Ltd.*,
  No. 2:20-cv-00188-JRG-RSP, 2021 WL 3128654 (E.D. Tex. July 23, 2021) .......................... 5

*Parthenon Unified Memory Architecture LLC v. HTC Corp.*,
  No. 2:14-cv-690-RSP, 2016 WL 3365855 (E.D. Tex. June 16, 2016) ................................. 4, 5

*Pro-Troll, Inc. v. Shortbus Flashers, LLC*,
  No. 16-CV-04062-VC, 2016 WL 11432003 (N.D. Cal. Dec. 23, 2016) ................................... 8

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*,
  No. 2:19-CV-00225-JRG (E.D. Tex. Nov. 23, 2020) ................................................... 1, 4, 6, 9

*Solas OLED Ltd. v. Samsung Display Co.*,
  No. 2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020) ......................... 3, 4, 9

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F.Supp.2d 660 (E.D. Tex. 2005) ............................................................................... 1, 5, 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F. 3d 1307 (Fed. Cir. 2014).......................................................................................... 8

*Xerox Corp. v. 3Com Corp.*,
  69 F.Supp.2d 404 (W.D.N.Y. 1999) ............................................................................................... 3

**Statutes**

MPEP § 2254 ................................................................................................................................... 3

MPEP § 2266 ................................................................................................................................... 3

**I.     INTRODUCTION**

Citing Verizon's and T-Mobiles *ex parte* reexamination ("EPR") requests of U.S. Patent No. 6,922,728 ("'728 Patent") with the Patent Office ("PTO"), Verizon seeks a stay. Verizon and T-Mobile waited *11 months* to file their EPR requests. During that time, the Court held the *Markman* hearing and issued its claim construction ruling. Extensive discovery has been conducted. The parties are in the middle of depositions, which will be completed by September 17. Opening expert reports will be served a week later.

A this late stage, Verizon suddenly seeks to stay this case based on speculative assertions of "simplification." But Verizon cites no precedent for staying a litigation based on the mere granting of an EPR request. As this Court has held, "staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, No. 2:19-CV-00225-JRG, Dkt. No. 205, p. 4 (E.D. Tex. Nov. 23, 2020) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)).

Here, the three factors considered in deciding a stay weigh against granting a stay. A stay would unduly prejudice KAIFI's legitimate right to timely enforcement of its patent and confer an undeserved tactical advantage to Verizon by giving it multiple shots at the invalidity apple. Against this prejudice, Verizon's assertions of simplification are purely speculative as no office action has issued and only a small fraction of EPRs ever result in cancellation of all claims. Rather than simplify issues, a stay would only guarantee that invalidity would be tried again in this case, with Verizon presenting new invalidity challenges. At this advanced stage of the litigation, with discovery nearly complete a stay makes would only reward Verizon for its gamesmanship. Verizon's motion should be denied.

## II.   FACTUAL BACKGROUND

On August 28, 2020, KAIFI initiated this case against Verizon alleging infringement of the '728 Patent.  Dkt. No. 1.  On December 7, 2020, KAIFI served its infringement contentions. On March 17, 2021, Verizon served its invalidity contentions, in which it asserted hundreds of prior art references and every possible permutation of combinations of these references.

On July 20 2021, the Court issued its combined claim construction ruling in this case and the related action captioned *KAIFI, LLC v. T-Mobile U.S., Inc., et al.*, Case No. 2:20-cv-281-JRG (E.D. Tex.) ("T-Mobile Case").  T-Mobile Case, Dkt. 176.  Fact discovery is scheduled to be completed by September 17, 2021; expert reports are due on September 24, 2021; and all dispositive and *Daubert* motions will be filed by November 1, 2021. Dkt. 82. The final pretrial conference is set for January 10, 2022, and the jury trial will commence on February 2, 202. *Id.*

On July 13, 2021, nearly a year after the filing of this case, T-Mobile filed its EPR request.  T-Mobile's EPR presented only five references, all of which come from the invalidity contentions T-Mobile presented in the T-Mobile Case.[1]  Six days later, on July 19, 2021, Verizon filed its EPR request identifying just two grounds for reexamination based on one reference—Akhtar (Dkt. No. 77 at 2), which Verizon disclosed in its March 17, 2021, invalidity contentions. In its motion, Verizon offers no explanation for why it waited eleven months after this case was filed, or four months after its invalidity contentions, to file the EPR.

On August 19, 2021, the PTO granted the EPR requests.  *See* Dkt. Nos. 77-1 and 77-2. The PTO's granting of the EPR is merely a decision that it will review the invalidity challenges. *No office action has actually issued yet.*  Before the reexamination may begin, the patent owner

---

[1] The five T-Mobile EPR references are:  Mohammed, Jawanda, Nikolaou, Ayyagari, and RFC 2002.

2

is permitted to file a response to the PTO's granting of the EPR. *See* MPEP 2254 (Conduct of reexamination proceedings). The PTO has set this deadline on or around October 19, 2021. Dkt. Nos. 77-1 at 4 and 77-2 at 4. Replies would be due on or around December 19, 2021. *Id*. Thus, the first office action would not likely issue until after December 2021 and no sooner than November 2021 in the event that either KAIFI or Requesters forego a preliminary statement.

The first office action would be a non-final office action, in which the PTO may allow or reject one or more of the challenged claims. If the first office action rejects any claims, KAIFI would have until at least February 2021 to respond. *See* MPEP § 2266 (providing up to three months to respond with extension). By that time, trial will have commenced, if not completed. Thereafter, the PTO may issue another non-final office action, a notice of allowance or a final office action. There is no mandatory deadline by which a final office action must issue. According to PTO statistics, the "Overall reexamination pendency (Filing date to certificate issue date)" of an EPR is 25.7 months on average. Dkt. No. 77-3 at 3. Notably, for "3rd Party Requestor" EPRs, only 10% of third-party requested EPRs result in cancellation of *all claims*. *Id*.

### III.   A STAY IS NOT MERITED IN THIS CASE

In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Solas OLED Ltd. v. Samsung Display Co.*, No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *1 (E.D. Tex. July 17, 2020) (citations omitted); *see Soverain,* 356 F.Supp.2d 660, 662  (citing *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)). Each of these factors weighs against a stay in this case.

### A. A Stay Would Cause Undue Prejudice to KAIFI

Verizon argues that KAIFI cannot be prejudiced because they are not competitors and KAIFI can eventually be satisfied by a money judgment. Dkt. No. 77 at 4-5. But this Court has clearly rejected this argument and recognized that a stay prejudices the nonmoving party because it delays the resolution of the case:

> Granting a stay would prejudice Ramot, the nonmoving party, by delaying its resolution of the case. Ramot has an interest in timely enforcing its patents. <u>This remains true regardless [of] whether the parties' products directly compete, or whether Ramot currently practices the patents</u>.

*Ramot*, E.D. Tex. No. 2:19-CV-00225-JRG, Dkt. No. 205, p. 3 (emphases added) (internal quotes and citations omitted)[2]; *see also Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *9 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive").

KAIFI has an undeniable and legitimate interest in the timely enforcement of the '728 Patent. *See Solas OLED Ltd.*, 2020 WL 4040716, at *2 (prejudice "factor weighed heavily against a stay" with "discovery … completed and trial … only a few months away"). It is in the business of licensing and enforcing patents developed by research institutions and universities, such as KAIST. The delays caused by a stay would negatively impact KAIFI's ability to conduct its current licensing campaign, as well as develop additional patent assets from research institutions and universities. *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 2:14-cv-690-RSP, 2016 WL 3365855 at *2 (E.D. Tex. June 16, 2016) (denying a stay that "would prejudice [Plaintiff's] right to conduct its business").

---

[2] Duane Morris LLP, which represents Verizon here, was counsel for the defendant in *Ramot*.

Verizon also argues that it would be prejudiced without a stay. Dkt. No. 77 at 5. But that is not a factor to this analysis. Moreover, Verizon's claims of prejudice are disingenuous. If Verizon had a genuine concern over expense and burden, it would have requested the EPR and sought a stay much earlier in the case, before the parties expended the extraordinary amount of time and cost to advance the litigation to this stage. Instead, Verizon waited till just a few months before trial, even though it has known about nearly all the EPR references *since early in the case.* Moreover, "[i]n addition to waiting to file, Defendant chose to file an EPR request, a slower post-grant proceeding, as opposed to an inter partes review, a much quicker post-grant proceeding that would minimize prejudice from delay." *Luminati Networks Ltd. v. NetNut Ltd.*, No. 2:20-cv-00188-JRG-RSP, 2021 WL 3128654, at *3 (E.D. Tex. July 23, 2021).

The timing of the EPRs and lack of explanation for the delay suggest that Verizon and T-Mobile seeks to collude and gain a tactical advantage. The tactics are transparent. Verizon and T-Mobile have filed EPRs as back-stops. If this case is not stayed and Verizon loses at a trial, then it will complain on appeal that there is a pending EPR. If this case is stayed and Verizon loses the EPR, then it will just present invalidity challenges again at trial, pretending the EPR process never happened. In denying a stay motion filed one year into a lawsuit, this District warned that a stay "would not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally <u>derail timely patent case resolution by seeking reexamination</u>." *Soverain*, 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005) (emphasis added). Verizon is attempting to do exactly that. This type of tactical gaming of the system should not be countenanced. *See Parthenon Unified Memory Artchitecture LLC v. HTC Corp. & HTC Am., Inc.*, No. 2:14-CV-00690-RSP, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016) (the prejudice "factor disfavors a stay because Defendants did not file their IPRs expeditiously and

5

are most likely seeking a stay to gain a tactical advantage over Parthenon"). Therefore, this factor weighs against a stay.

### B. Any Possible Simplification of Issues is Speculative and Unlikely

#### 1. No Claims Have Been Rejected

Verizon cites no precedent for staying a litigation based on the mere granting of an EPR. This is unsurprising because courts have consistently found that the mere possibility of an EPR simplifying issues is speculative at this point. *Ramot*, E.D. Tex. No. 2:19-CV-00225-JRG, Dkt. No. 205, p. 4 ("while the *ex parte* reexams have the *potential* to simplify the issues in question and the trial of this case, such simplification is currently more speculative than factual") (emphasis in original); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-00235-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sep. 18, 2014) (citing *Soverain*, 356 F. Supp. 2d at 662-63) ("[a]lthough some of the claims may change in this case … the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time"); *Acorn Semi, LLC v. Samsung Electronics Co., Ltd. et al*, Case No. 2-19-cv-00347, Dkt. No. 288 at p. 2 (E.D. Tex. Mar. 22, 2021) (denying stay pending IPR and noting "[t]he Court and the PTAB are presented with separate issues, and there is no reason those issues cannot be adjudicated in parallel).

The PTO has not rejected *any* claims. A final rejection of claims, if any, would not even happen until trial in this case.

This Court's analysis in *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG is instructive. There, the PTO had issued a "final office action rejecting all asserted claims," and the reexamination had proceeded to an appeal before the PTAB. *Id*. at 2019 WL 6173365, at *1 (E.D. Tex. Nov. 20, 2019). Even at that comparatively more advanced stage of the EPR proceedings, this Court held that the "outcome of any PTAB appeal [was] far from clear … and

6

that it would be improper for the Court to speculate as to the result." *Id*. at \*2; *KIPB LLC*, No. 2:19-CV-00056-JRG, Dkt. No. 58 (Dec. 9, 2019) (overruling objection and adopting Magistrate Judge Payne's Memorandum Order). Similarly, in *EON Corp.IP Holdings, LLC v. Sensus USA Inc*, No. 6:09-CV-116, also involving EPR proceedings at a comparatively more advanced stage, this District noted it was "unmoved" by a rejection of "of the claims of the patents-in-suit." 2009 WL 9506927, at \*3 (E.D. Tex. Dec. 18, 2009).

The possibility of simplification in this case, where no first office action has issued, let alone a final rejection or appeal, is considerably more speculative in comparison.

### 2.     Verizon Fails To Articulate Any Simplification

Verizon asserts that a stay has the "potential" to simplify issues before the Court, without any explanation of what that simplification might be. Dkt. No. 77 at 6. Instead, Verizon states that the EPR would simplify issues by "determining patent validity" or would "eliminate the need to try infringement issues." *Id.* at 3. But Verizon's assertions are specious. First, Verizon's suggestion that the mere grant of an EPR means that all the challenged claims are likely to be found unpatentable is statistically inaccurate. Even the PTO itself confirms that, while 92.2% of EPR requests are granted, only 10% of third party EPRs result in the cancellation of all claims. Dkt. No. 77-3 at 3. Any argument that reexaminations "will impact this case significantly" is unsupported speculation. Instead of simplifying issues, a stay will only ensure that validity will have to be tried again in this case.

Second, Verizon alludes to the EPR determining "patent validity." *See* Dkt. No. 77 at 6-7. That is indeed likely and should eliminate the invalidity challenge in this case. But as Verizon is aware, EPRs carry no statutory estoppel effect. Verizon is banking on that to get a second bite at the apple, as it makes no offer to stipulate to validity based on the EPR. *KIPB*, 2019 WL 6173365, at \*2 (finding "KIPB's argument regarding the lack of any estoppel effect for ex parte

7

reexamination proceedings to be persuasive").

Thus, in the likely event that the EPR results in some asserted claims being found valid (which is the most likely statistical result), the parties would still have to come back to this case and re-litigate validity with Verizon asserting different prior art and grounds than those raised and overcome in the EPR. "Without any estoppel provision in place for *ex parte* reexamination proceedings, those proceedings are even less likely to result in simplification of the issues." *KIPB LLC*, 2019 WL 6173365, at *2; *Pro-Troll, Inc. v. Shortbus Flashers, LLC*, No. 16-CV-04062-VC, 2016 WL 11432003, at *1 (N.D. Cal. Dec. 23, 2016) ("the ex parte reexamination process is much less likely to advance the ball" because the "result of the reexamination will have no estoppel effect")

### C. Discovery Is Nearly Complete and Trial Date Is Set

Fact discovery will be complete by September 17, 2021, and jury selection in this case is scheduled to commence on February 7, 2021. *See* Dkt. No. 82. Verizon cannot deny that the stage of the litigation counsels against a stay. Instead, Verizon makes a conclusory argument that it has been diligent in filing the EPR and moving to stay. Dkt. No. 77 at 2. But Verizon offers no explanation for why it waited for so long. Waiting eleven months after the case commenced, four months after serving invalidity contentions, and till just a few months before trial is not diligence.

To obscure its lack of diligence, Verizon argues that the stage of the litigation should be measured at the date of the filing of the motion to stay. Dkt. No. 77 at 5. But this makes no difference because discovery was nearly complete before Verizon filed this motion.

*VirtualAgility Inc. v. Salesforce.com, Inc.*, on which Verizon relies, highlights Verizon's dilatory tactics. There, the Federal Circuit reviewed a ruling on a motion to stay that had been filed when the lawsuit "was less than four months old" with discovery "not yet begun and no

8

trial date had been set." 759 F.3d 1307 at 1317 (Fed. Cir. 2014).  Verizon did not file this motion early in the case or before discovery was under way and a trial date set.  When Verizon filed its motion, this case was already "extremely advanced."  *See Solas OLED Ltd.*, 2020 WL 4040716, at *2.  The consequences of Verizon's unexplained delay in requesting EPR and seeking a stay till just before trial are real.  By the time Verizon's motion is heard, the parties will have completed what Verizon calls the "significant amount of work [that] remains for the parties and the Court." Dkt. No. 77 at 5-6.

This Court's opinion denying a motion to stay pending reexamination in *Ramot,* E.D. Tex. No. 2:19-CV-00225-JRG, Dkt. No. 205 is instructive.  This Court found the "late stage of the trial of this case weighs against a stay" where trial was scheduled to commence in March 2021 – four months after issuance of the opinion and seven months after the filing of the motion to stay.  *See id.*, Dkt. No. 205, p. 4; *Id.*, Dkt. No. 203.  The present case has proceeded much closer to trial in comparison.

### IV.   CONCLUSION

For the foregoing reasons, KAIFI respectfully requests the Court deny this motion.


Date:  September 3, 2021      */s/ Robert Christopher Bunt*
Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone:  (903) 531-3535
Facsimile:(903) 533-9687
Email: rcbunt@pbatyler.com

9

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Rebecca L. Carson
Cal. Bar No. 254105 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: jsheasby@irell.com
　　　　rcarson@irell.com

Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Prashanth Chennakesavan
Cal. Bar No. 284022 (admitted *pro hac vice*)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile:(213) 612-3773
Email: enoch.liang@ltlattorneys.com
Prashanth.chennakesavan@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via ECF on September 3, 2021 to all opposing counsel of record.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt