# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC., ET AL.<br><br>    Defendants. | Case No. 2:20-cv-00280-JRG<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**SUR-REPLY BRIEF BY KAIFI TO**
**VERIZON'S MOTION TO STAY PENDING EX PARTE REEXAMINATION**

**INTRODUCTION**

Verizon still has no explanation for why it waited a year after this case was filed to seek a stay. Instead, Verizon rehashes its opening brief and argues that an EPR *may* simplify issues, without articulating any case-specific factor. That Verizon relies on generalized statistics underscores the point. Every EPR *might* simplify a case. But Verizon must show a real prospect for simplification to obtain a stay of a case that is just a few months from trial.

Further, conspicuously absent from Verizon's reply is any mention of estoppel. Predictably, although Verizon demands that KAIFI bear the prejudice of a stay and delay its day in court, it refuses to be bound in any manner by the EPR. Thus, even after a stay, Verizon clearly intends to put the Court and parties through the *same* expense and burden of trying its invalidity challenges.

**I.      VERIZON HAS NO EXPLANATION FOR ITS DELAY**

Verizon argues for the first time that its stay motion was timely because it was filed two weeks after KAIFI served interrogatory responses. Dkt. 87 at 5. Verizon acknowledges that the Court must consider the "relevant timelines," but omits that timeline when pressing its argument. As Verizon is aware, it served its invalidity contentions on March 17, 2021. Yet, it waited until June to serve its first set of interrogatories. KAIFI provided its responses on July 6, 2021. To date—over two months later—Verizon has not identified *any* specific deficiency in KAIFI's responses in meet-and-confer. Yet, it now claims the entire case must be stayed based on a claimed deficiency that it has never raised. Dkt. No. 87 at 5. Verizon cites no authority—and KAIFI has been unable to locate any—for the proposition that a case must be stayed based on a vague assertion of a discovery deficiency.

Further, the suggestion that Verizon's strategy depends on KAIFI's response before the

1

PTO (Dkt. No. 87 at 2-3) is hardly credible. If Verizon truly wanted to wait for KAIFI's position on Verizon's asserted prior art, it would have waited until after expert disclosures to file its EPR request or stay motion. But as the timeline shows, Verizon did not. In fact, Verizon filed its EPR during fact discovery, and before any exchange of expert opinion on invalidity.

Indeed, Verizon will be receiving KAIFI's expert report on invalidity in short order, detailing why Verizon's prior art references fail. If Verizon's true interest is in receiving KAIFI's responses (Dkt. No. 87 at 2-3; *see id.* at 5), that interest would not be furthered by a stay.

To deflect attention from the unexplained and prejudicial delay in Verizon's EPR tactics, Verizon makes the absurd argument that KAIFI delayed the suit for five years. Dkt. No. 87 at 2. Only in Verizon's universe would the time period of March 2019 (when KAIFI was formed) to August 2020 (when suit was filed) constitute "5 years." Verizon's antics should not be credited.

## II.   VERIZON STILL FAILS TO EXPLAIN HOW A STAY WOULD SIMPLIFY THE CASE

Verizon acknowledges this Court addressed the propriety of a stay based on a pending EPR in the *Ramot* case. Dkt. No. 87 at 4. Yet Verizon ignores this Court's analysis, and instead cherry picks and places out of context this Court's recitation of the legal standard. *Id.* In *Ramot*, this Court waited to see whether the Patent Office actually rejected any of the claims. *Ramot at Tel Aviv Univ. Ltd. v. Cisco Systems, Inc.*, Case No. 19-CV-00225-JRG, 2021 WL 121154, at *2 (Jan. 13, 2021). That is because the granting of an EPR by the PTO simply means that the PTO will review the challenges, not that the PTO agrees that the challenged claims are all unpatentable. *Id.* at *2-3. As Verizon again acknowledges, very few EPRs actually result in the cancellation of all claims. Dkt. No. 87 at 3. Thus, until and unless the PTO actually rejects any

claim, Verizon's request for a stay is pure speculation.

Verizon also argues for the first time that that potential amendments and arguments by KAIFI in the EPR might affect the scope of the claims in this case. But that assumes, again, that the PTO issues a rejection of the claims, which has not yet happened. Nor is that a certainty. Moreover, Verizon's argument relies on an assumption that amendments and arguments before the PTO, which may or may not take place, would change the scope of the claims at issue in this action. Verizon presents no more than speculation.

### III. VERIZON REFUSES TO BE BOUND BY THE EPR

Although any office action remains speculative, Verizon's intention to litigate the same issues before this Court is certain. *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00056-JRG, 2019 WL 6173365, *2 (E.D. Tex. Nov. 20, 2019) (lack of estoppel counsels against a stay). Verizon makes no mention of this issue in its reply.

While extolling the benefits of streamlining this case (Dkt. No. 87 at 4-5), Verizon makes no promise that it will bind itself to the findings of the EPR, stipulate that non-cancelled claim are patentable and valid, or streamline any of its invalidity challenges. Instead, Verizon clearly reserves the right to present an unabridged invalidity challenge at trial, rendering any assertion of streamlining benefits entirely hollow. Regardless of the EPR or a stay, the Court and the parties will have to address Verizon's invalidity arguments.

Because very little, if any, streamlining can be expected, a stay would serve only to derail the Court's scheduled trial and prejudice KAIFI. Verizon simply rehashes its argument that monetary relief is sufficient for KAIFI. But Verizon fails to rebut the negative impacts that a stay would have on KAIFI's licensing campaign or ability to develop further patent assets from research universities and institutes. *See ThinkOptics, Inc. v. Nintendo of America, Inc.*, 2014 WL

4477400, at *1 (E.D. Tex. Feb. 27, 2014) (patentees "ha[ve] an interest in timely enforcing [their] patents.").

| | |
|---|---|
| Date: September 17, 2021 | /s/Prashanth Chennakesavan<br>Enoch H. Liang<br>Cal. Bar No. 212324 (admitted in E.D. Texas)<br>Prashanth Chennakesavan<br>Cal. Bar No. 284022 (admitted *pro hac vice*)<br>LTL ATTORNEYS LLP<br>300 S. Grand Ave., 14th Fl.<br>Los Angeles, California 90071<br>Telephone: (213) 612-8900<br>Facsimile:(213) 612-3773<br>Email: enoch.liang@ltlattorneys.com<br>Prashanth.chennakesavan@ltlattorneys.com<br><br>Robert Christopher Bunt<br>Texas Bar No. 00787165<br>PARKER, BUNT & AINSWORTH PC<br>100 E. Ferguson St., Suite 418<br>Tyler, Texas 75702<br>Telephone: (903) 531-3535<br>Facsimile:(903) 533-9687<br>Email: rcbunt@pbatyler.com<br><br>Jason G. Sheasby<br>Cal. Bar No. 205455 (admitted *pro hac vice*)<br>Rebecca L. Carson<br>Cal. Bar No. 254105 (admitted *pro hac vice*)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br>Email: jsheasby@irell.com<br>         rcarson@irell.com<br><br>Enoch H. Liang<br>Cal. Bar No. 212324 (admitted in E.D. Texas)<br>Prashanth Chennakesavan<br>Cal. Bar No. 284022 (admitted *pro hac vice*)<br>LTL ATTORNEYS LLP |

4

300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone: (213) 612-8900
Facsimile:(213) 612-3773
Email: enoch.liang@ltlattorneys.com
Prashanth.chennakesavan@ltlattorneys.com

*Attorneys for Plaintiff KAIFI LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic mail on September 17, 2021 to all opposing counsel of record.

/s/*Prashanth Chennakesavan*

Counsel