UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS, INC., ET AL.<br><br>  Defendants. | Case No. 2:20-cv-00280-JRG<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap<br><br>*FILED UNDER SEAL* |

**MOTION FOR ISSUE PRECLUSION SANCTIONS AND/OR ADVERSE INFERENCE JURY INSTRUCTIONS**

At least as of August 28, 2020, when KAIFI filed the complaint in this action, Verizon had an obligation to preserve all relevant evidence. Verizon was on notice that documents and data related to its "WiFi Calling" system and the handover of calls between its LTE network and Wi-Fi were relevant. Verizon should have promptly issued a litigation hold to *all* appropriate custodians (including those who worked on rolling out the at-issue system), identified relevant network data that may be subject to automatic deletion policies, and taken steps to ensure that documents and data were preserved for litigation. Verizon fell short of its obligations. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Verizon's conduct has prejudiced KAIFI and issue preclusion sanctions are appropriate.

## FACTUAL BACKGROUND

KAIFI initiated this action on August 28, 2020, putting Verizon on notice that accused instrumentalities include Verizon's system "for implementing seamless network transition, including off-loading to a Wi-Fi network, such as through their Wi-Fi Calling system and service." Compl. ¶ 36.  Verizon had an obligation to preserve documents and data regarding Wi-Fi Calling, including handover data and documents regarding the decision to add Wi-Fi Calling.

Verizon's Rule 30(b)(6) witness ▇▇▇▇▇▇▇▇, Neer Gupta, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Gupta Rough Tr. at 9-10.[1]

---

[1] KAIFI will make final versions of cited transcripts and exhibits available for the Court's review at the hearing.  The final transcripts are not available at this time.

Mr. Gupta ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ *Id.*

In fact, Mr. Gupta ██████████████████████████████████████████████

███████████████████████████. *Id.*  Unless █████████████████████

████████████████████████████████ Faber Rough. Tr. at 11-13.

In September 2021, Verizon produced an █████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Ex. 1.  Yet, the data only

███████████████████████████████████████████████.  Verizon witness

Parry Booker ██████████████████████████████████████████████████

██████████████████████████████████████████████████████ Booker

Rough Tr. at 163.  Had Verizon turned off automatic deletion when it was supposed to—no later

than September 2020 ████████████████████████████████████████████

████████████████████████████████████████████████████████.[2]

Further, Verizon witnesses who have been disclosed as relevant custodians ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ Lan Rough Tr. at 140-41.

Alice Yuan, the Verizon employee ████████████████████████████,

---

[2] If Verizon argues that it need not preserve ███████████████████████████ network operations, that argument misses the mark.  KAIFI does *not* argue that Verizon had to preserve *all* network data.  Verizon did, however, have an obligation to preserve the relevant data about use of the accused instrumentalities.  For example, knowing that its network data ██████████████████████ ████████████████████████████████████████████████████████████████.

testified that she ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Yuan Rough Tr. at

8-9. Ms. Yuan's testimony was particularly concerning because ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████.³ Similarly, Ilias Zervos, the ███████

████████████████████████████████████████████████████████████

████████████████████████████████████ Zervos Rough Tr. at 3, 28-29.

## ARGUMENT

Spoliation sanctions may be imposed under the Court's inherent powers. "[W]hen parties exploit the judicial process, a court may sanction conduct beyond the reach of other rules." *VocalSpace, LLC v. Lorenso*, 2010 WL 5247451, at *4 (E.D. Tex. Dec. 16, 2010) (citing *Natural Gas Pipeline v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993)). "The spoliation of evidence is one such abuse" that permits the court to invoke its inherent power. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 799 (N.D. Tex. 2011). Sanctions may be imposed where a party has "a duty to preserve the information, a culpable breach of that duty, and resulting prejudice to the innocent party." *Id.* at 799-800 (internal quotes and citations omitted).

In determining the type of spoliation sanction, courts consider the degree of fault of the

---

³ Equally troubling, Verizon's Rule 26 disclosures identified just *five* employees—█████
████████████████████████████████████████████████████████. One of the engineers—Doug Oesterlin—was identified as having knowledge of the ████████
████████████████████████████████████████████████████████. Key custodians like Ms. Yuan, Mr. Zervos, Mr. May and Mr. were never disclosed.

3

destroying party, the prejudice suffered by the opposing party, and whether lesser sanctions are appropriate. *Quantlab Techs. Ltd. v. Godlevsky*, 2014 WL 651944, at *8 (S.D. Tex. Feb. 19, 2014). A bad faith spoliator bears the "heavy burden" of showing a lack of prejudice "because a party who is guilty of [spoliating] evidence should not easily be able to excuse the misconduct by claiming that the vanished documents were of minimal import." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1328 (Fed. Cir. 2011). An adverse-inference instruction is appropriate where (1) the party had an obligation to preserve the evidence at the time it was destroyed; (2) the evidence was destroyed in bad faith; and (3) the destroyed evidence was relevant. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 615-16 (S.D. Tex. 2010); *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005) ("The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'"). "[T]he hallmark . . . of bad faith 'is advantage-seeking behavior by the party with superior access to information necessary for the proper administration of justice.'" *Quantlab*, 2014 WL 651944, at *10 (quoting *Micron* 645 F.3d at 1326).

Even in the absence of bad faith, courts may impose alternate sanctions, including deeming certain facts established, *see, e.g.*, *Tech Pharmacy Services, LLC v. Alixa Rx LLC*, 2017 WL 3394118, at *4 (E.D. Tex. Aug. 7, 2017) (ordering stipulation to certain facts because the defendants "should have preserved evidence relevant to the litigation"), or issuing permissive jury instructions, *see, e.g.*, *Duque v. Werner Enterprises, Inc.*, 2007 WL 998156, at *7 (S.D. Tex. March 30, 2007). "Courts have broad discretion in crafting a remedy that is proportionate to both the culpable conduct of the spoliating party and resulting prejudice to the innocent party." *Ashton*, 772 F. Supp. 2d at 801.

I. **Verizon Breached its Duty to Preserve Documents, Prejudicing KAIFI**

Verizon owes a duty to preserve evidence that they know or reasonably should know will be potentially relevant to a pending or reasonably foreseeable lawsuit. *Ashton*, 772 F. Supp. 2d at 800 (citing *Rimkus*, 688 F. Supp. 2d at 612). That duty requires suspending any "routine document retention/destruction policy and put[ing] in place a 'litigation hold.'" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Here, as set forth above, Verizon violated its duty to preserve relevant information. Verizon has been on notice since at least August 2020 when it is served with the Complaint that Wi-Fi calling and handover are at issue in this action. Verizon therefore had a duty to preserve relevant information, including data about the use of the patented technology in Verizon network and documents regarding the decision to implement Wi-Fi Calling. Yet witness testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ KAIFI has been prejudiced by Verizon's improper preservation of the relevant information. "The prejudice requirement is satisfied once the party seeking sanctions demonstrates the missing evidence is relevant to their case." *Allstate Texas Lloyd's v. McKinney*, 964 F. Supp. 2d 678, 685 (S.D. Tex. 2013). The missing information is plainly relevant to several issues, including damages.

For example, the missing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and would likely contain key admissions regarding the qualitative and financial importance of Wi-Fi Calling to Verizon's business.

As another example, Verizon has argued that the value of KAIFI's technology is limited based on a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ include a handover. Indeed, the only data that Verizon produced ▮▮▮▮▮▮▮▮▮▮. Ex. 1. But

even according to Verizon's own estimate, ███████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████.⁴ Wi-Fi preferred environment implies that ████████████████████

███████████████████████████████████████████████████████████████████████████.

Huang Rough Tr., Part 2 at 50. A███████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████.

Had Verizon turned off automatic deletion when its duty arose—no later than September 2020—it would have data ████████████████████████. The ██████████████████████

████████████████████████████████████ would have allowed the parties to more accurately assess how the lockdown affected the number and frequency of handover calls and what the parties' hypothetical negotiation would have been.⁵ Had Verizon preserved those data, it could have included these additional data in the handover percentage spreadsheet that it produced in response to KAIFI's interrogatory to allow an apples-to-apples comparison. The fact that it did not provide such a spreadsheet for earlier time periods is telling. With data gone, such apples-to-apples determinations become extremely difficult if not impossible.⁶

## II. Appropriate Sanctions

Verizon's flouting of its basic obligations constitutes at least conscious disregard of its

---

⁴ *Compare* Huang Rough Tr., Ex. 5, ██████████████████████████████████████ with Faber Rough Tr., Ex. 8, ██████████████████████████ & VERIZON_KAIFI_03075453, ████
████████████████

⁵ To this day, people move around less than they did before the pandemic. *See, e.g.*, https://www.usatoday.com/story/news/health/2021/05/08/covid-fear-holding-back-vaccinated-americans-where-does-come-from/4936917001/.

⁶ In response to KAIFI's request that Verizon explain if alternative spreadsheets contained the relevant data, Verizon responded ████████████████████████████████████████████
███████████████████████████████████ Ex. 2.

preservation obligations. *Io Grp. Inc. v. GLBT Ltd.*, 2011 WL 4974337, at *7 (N.D. Cal. Oct. 19, 2011) (failure to disable automatic deletion constituted "conscious[] disregard" of obligation to preserve evidence). Spoliation of evidence through deliberate indifference is a serious violation that warrants strict punishment. *Harmon v. Trinity Inds., Inc.*, 2:12-CV-00089-JRG, Dkt. No. 365 at 4 (E.D. Tex. July 11, 2014) ("it is impossible, in hindsight, to determine the extent to which the deleted [documents] would have impacted this case . . . , spoliation of evidence threatens the very integrity of the judicial process and merits the most serious penalties").

Regarding the missing ▇ data, the Court should exercise its discretion here by precluding Verizon from disputing that frequency of calls involving handover before pandemic ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This appropriately shifts the risk of an erroneous judgment to Verizon as the party who wrongfully created the risk and restores KAIFI to the same position it would have been absent the destruction of evidence, and it will hopefully deter Verizon from similar failures going forward. *See West*, 167 F.3d at 779.

Concerning the lost marketing data, KAIFI requests that Verizon being precluded from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Zervos Rough Tr., Ex. 12 at 4 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

KAIFI also requests an adverse-inference instruction to the effect that Verizon had a duty to preserve relevant evidence, including data related to its customers' use of the accused instrumentalities; Verizon failed to preserve data related to its customers' use of the accused instrumentalities; Verizon acted in conscious disregard of its obligations or acted in bad faith in failing to preserve relevant documents; and the jury may presume that the documents Verizon failed to preserve would have been favorable to KAIFI's case and unfavorable to Verizon.

Date:  September 24, 2021						Respectfully submitted,

/s/*Prashanth Chennakesavan*
Enoch H. Liang
Cal. Bar No. 212324 (admitted in E.D. Texas)
Prashanth Chennakesavan
Cal. Bar No. 284022 (admitted *pro hac vice*)
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Fl.
Los Angeles, California 90071
Telephone:  (213) 612-8900
Facsimile:(213) 612-3773
Email:  enoch.liang@ltlattorneys.com
Prashanth.chennakesavan@ltlattorneys.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone:  (903) 531-3535
Email:  rcbunt@pbatyler.com

Jason G. Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Rebecca L. Carson
Cal. Bar No. 254105 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email:  jsheasby@irell.com
        rcarson@irell.com

*Attorneys for Plaintiff KAIFI LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), I certify that on September 23, 2021, lead counsel and local counsel for the parties met and conferred about the subject matter of thi motion as required by and in compliance with Local Rule CV-7(h). This motion is opposed.

Participants on the conference included Prashanth Chennakesavan (lead counsel for Plaintiff), Chris Bunt (local counsel for Plaintiff), Kevin Anderson (lead counsel for Defendant), and Deron Dacus (local counsel for Defendant). Prior to that meeting, attorneys for the parties met and conferred in writing about the subject matter of the motion. The parties discussed their respective positions and the disputes at issue, but no agreement could be reached. The parties have met and conferred in good faith in an attempt to resolve this issue, but their discussion has conclusively ended in an impasse, requiring resolution by the Court.

/s/*Robert Christopher Bunt*  
Local Counsel

/s/*Prashanth Chennakesavan*  
Lead Counsel

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic mail on September 24, 2021 to all opposing counsel of record.

/s/*Prashanth Chennakesavan*  
Counsel

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 49).

/s/*Prashanth Chennakesavan*

Counsel